UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Case No. 8:09-bk-09074-CPM
Chapter 13

IN RE:

Ralph P. Loosman

    Debtor(s)
_____/

### ORDER GRANTING MOTION TO DISMISS CHAPTER 13 CASE
(EFFECTIVE DATE OF THIS ORDER IS 10 DAYS FROM THE DATE OF ENTRY)

THIS CASE came on consideration for the purpose of the entry of an appropriate order following the entry of an Order Reserving Ruling on Trustee's Motion to Dismiss for Failure to Make Payments and Granting Period to Cure Default on July 15, 2009 (the "Order"). By submission of this Order Dismissing the Chapter 13 case, the Trustee advises the Court that the Debtor[1] failed to comply with the Order, it is therefore

**ORDERED** as follows:

1. The Motion to Dismiss is granted.

2. This case is DISMISSED without prejudice.

3. The Trustee shall deduct from all monies disbursed and to be returned to the Debtor his normal percentage thereof as necessary costs and expenses from sums collected pursuant to section 1326(a)(2) [2], together with any fee, charge, or amount required under 28 U.S.C. section 123.

4. The Trustee shall disburse all Trust Fund monies held as adequate protection and for Administrative expenses, as provided for in this Court's Order Establishing Duties of Trustee and Debtor etc., to those secured creditors provided for in the Debtor's proposed Chapter 13 Plan ("Plan") and to administrative expense holders.

    a. The Trustee shall disburse the Trust Fund monies to the secured creditors either in the total amount due or, if Trust Fund monies prove insufficient, pro rata. These monies shall be paid pursuant to the creditor's proof of claim or, if a claim was not previously filed, pursuant to the terms of the Plan.

---

[1] All references to "Debtor" shall include and refer to both of the Debtors in a case filed jointly by two individuals.

[2] All statutory references are to the Bankruptcy Code, Title 11 of the United States Code, unless otherwise noted.

b.      Pursuant to the Order Establishing Duties of the Debtor, if the Debtor's attorney seeks no more in compensation than the Courts Presumptively Reasonableness Fee and additional fees as approved in the Court's Order Establishing Presumptively Reasonable Debtor's Attorney Fee in Chapter 13 Cases, Misc. Pr. 07-02, August 31, 2007, then such fee is hereby deemed to be an allowed administrative expense for purposes of entitlement to Trust Funds. The compensation to Debtor's counsel shall be paid in accordance with the Trust Funds portion of the chapter 13 plan. If a plan payment is insufficient to pay 100 percent of the plan's monthly allocation to the secured creditors and administrative expense creditors, the payment shall be prorated among all creditors having an entitlement to Trust Funds. The Debtor is/are hereby granted leave to file an objection to the allowance of these attorney fees within ten (10) days from the date of this order, if deemed advisable.

5.      The Trustee shall return to the Debtor any monies not previously disbursed and file his final report, upon which filing, he will be discharged of his duties as Trustee.

6.      **The effective date of this order is delayed ten (10) days to permit the Debtor to convert this case to another chapter under the Bankruptcy Code if the Debtor wishes to do so.**

7.      All pending hearings are canceled, except for any Order to Show Cause hearings the Court has set.

**DONE** AND **ORDERED** on   August 26, 2009   .

Catherine Peek McEwen
United States Bankruptcy Judge

Copies to be provided by CM/ECF service.

JMW/kja                                                                              C13T  8/10/09

2